# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANIEL R. LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV445 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BANCWISE REAL ESTATE | ) | |
| SERVICES, LLC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Motion in Limine (Filing No. 69). The plaintiff filed a brief (Filing No. 71) in opposition to the defendant's motion. The defendant filed a brief (Filing No. 72), with evidence attached, in reply.

The defendant seeks to exclude any "age related" comments made in the work place by employees of the defendant other than Larry Zitek. The defendant contends only the comments made by Mr. Zitek, the independent decision maker, are relevant to the plaintiff's claims. In support of its position, the defendant notes evidence showing that neither Dan Allison or Kevin Irish knew Mr. Zitek was going to terminate the plaintiff's employment on February 4, 2005.

The plaintiff contends there is some dispute about who made the decision to terminate the plaintiff and who had input into such decision. Specifically, Dan Allison may have had input into the decision and Kevin Irish was one of the four owners of the defendant business and worked in the Omaha office. **See** Filing No. 71 - The plaintiff's brief referencing evidence filed in opposition to the defendant's motion for summary judgment.

Evidence is excluded on a motion *in limine* "only when evidence is clearly inadmissible on all potential grounds." ***Hawthorne Partners v. AT & T Tech., Inc.***, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). The ***Hawthorne Partners*** court continued:

> This court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds. . . . Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of

> foundation, relevancy and potential prejudice may be resolved in proper context. . . . Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded.

*Hawthorne Partners*, 831 F. Supp. at 1400-1401 (citations omitted). Furthermore, the Eighth Circuit has noted that "[e]videntiary rulings made by a trial court during motions *in limine* are preliminary and may change depending on what actually happens at trial." *Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1113 (8th Cir. 2000) (**citing** *Luce v. United States*, 469 U.S. 38, 41 (1984)). Finally, the *Hawthorne Partners* court noted: "[t]he court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*." *Hawthorne Partners*, 831 F. Supp. at 1401.

The defendant fails to show the evidence of age-related comments made in the workplace, besides those made by Mr. Zitek, are clearly inadmissible on all potential grounds. The evidence before the court suggests there may still be some dispute about whether Mr. Zitek deferred to the opinion or judgment of Mr. Allison, Mr. Irish or others in making his final determination. **See** *Lacks v. Ferguson Reorganized Sch. Dist. R-2*, 147 F.3d 718, 725 (8th Cir. 1998). As to any age-related comments, the court will entertain objections on the topic as they arise at trial. Therefore, the defendant's motion will be denied, without prejudice, with regard to such evidence. Upon consideration,

**IT IS ORDERED:**

The defendant's Motion in Limine (Filing No. 69) is denied, without prejudice subject to appropriate objections at the trial.

DATED this 2nd day of August, 2007.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge